Turner *vs.* Wilcox, Gibbs & Company.

JAMES H. TURNER, plaintiff in error, *vs.* WILCOX, GIBBS & COMPANY, defendants in error.

1. Where trover is brought for certain promissory notes, and the defense is that defendant bought the notes from the agent of plaintiffs, and that the said agent and the plaintiffs had had a full settlement, and the agent had given his note for the amount due, and that the plaintiffs had got back a portion of the notes embraced in the settlement with the agent from the defendant, and these were offered to be set off against plaintiffs' demand against defendant:

*Held*, that even if the set-off should not be allowed, as such, yet the fact is good in mitigation of damages, and plaintiffs can only recover, if at all, the difference between the note of the agent and the portion of the notes received from defendant.

2. If plaintiffs had knowledge of the sale of the notes at the date of the settlement with the agent, such settlement and taking of the agent's note, amounts to a ratification of the sale to defendant by the agent, and plaintiffs cannot recover at all.

3. Where plaintiffs wrote to their agent who sold the notes to the defendant, as follows: "Did you indorse the notes sold, and if so, how? Of course you did not put *our name* on them? Please write at once and report progress;" and where the question was as to the authority of the agent to sell and plaintiffs' ratification of the sale, and the agent is dead:

*Held*, that while parol evidence by the writer of this letter explanatory of its meaning may go to the jury, yet the letter bears on its face very strong evidence of an assent to the sale and its ratification, and seems conclusive that at its date, which was prior to the settlement with the agent, plaintiffs had knowledge of the sale and therefore knew it when they settled with their agent.

Trover. Principal and agent. Ratification. Evidence. Before Judge HALL. Rockdale Superior Court. October Term, 1874.

Reported in the opinion.

PEEPLES & HOWELL; CLARK & PACE; A. C. MCCALLA; A. C. PERRY, for plaintiff in error.

JOHN J. FLOYD; S. F. WEBB; W. W. WILCOX, for defendants.

JACKSON, Judge.

This was a suit brought for the recovery of notes to the amount of some $1,800 00. The defendant pleaded the general issue, and that plaintiffs owed him for certain other notes. The jury found for the plaintiff $725 50, with interest. The defendant moved for a new trial on various grounds stated in the record. The court overruled the motion, and the case is brought here on exceptions to the judgment overruling the motion.

1. It appears from the record that one White was agent for plaintiffs to sell, and collect notes for, fertilizers, in the county of Rockdale, and the circumjacent country, and that he sold to defendant, Turner, the notes in question. One Ansley, in Augusta, was the general agent, with full authority from the plaintiff to act, and White dealt entirely with him. It further appears that White and Ansley had a full settlement of White's agency, and White gave his note dated November 1st, 1870, and due at twelve months, for $1,511 89, in full settlement of all transactions and indebtedness as such agent; and that the sale by White to Turner was prior to this settlement. It also appears from the record, that *after this settlement*, plaintiffs recovered in notes from Turner, by possessory warrant, which had been in the hands of the agent, White, $1,033 80. Thus it appears from the record, that plaintiff has received $1,033 80 on the amount in notes and cash due by their agent, White; that all that was due by him was $1,-511 89, and thus, that all that can possibly be due from Turner, from whom they received the $1,033 80, is the difference between $1,511 89 and $1,033 80, making $478 09. The verdict is, therefore, too large; and the court seems to have excluded from the consideration of the jury, these notes which we think, under the facts, were properly pleaded, and should have been allowed.

2. Indeed, the evidence is very strong that Ansley, at the time of the settlement with White, knew of the sale of the notes to Turner. If he did, plaintiffs cannot recover at all,

because the taking such note from the agent with knowledge that he had sold to Turner, would amount to a ratification of his conduct, and estop the plaintiffs from going upon Turner.

3. Besides, it seems to us, that the letters of Ansley go far to show authority to White to sell, and White being dead, while Ansley's explanation may be admissible, it should be closely scanned by the jury. Those letters urge him to cash the notes, and one of them admits knowledge that he has cashed notes and received the cash from a sale of them; for it does not complain of the sale, but simply wishes to know how he passed the title, and adds, surely you did not indorse our names. This letter bears date anterior to the settlement with the agent, and the taking his note for $1,511.89, and seems to be conclusive, at least of knowledge of the sale by the plaintiffs before the settlement. It does not repudiate the sale, but only the indorsement, if indeed, it repudiates that. Under all the facts disclosed in the record, we think the new trial should have been granted, and reverse the judgment.

Judgment reversed.